UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTONIO FIGUEROA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 16-8081 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, Antonio Figueroa, is a federal prisoner who, at the time of filing, was incarcerated at the Federal Prison Camp in Ashland, Kentucky. Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's motion will be denied and a certificate of appealability shall not issue.

**I.    FACTUAL BACKGROUND**

On direct appeal, the United States Court of Appeals for the Third Circuit provided the following summary of Petitioner's underlying criminal proceedings:

> Figueroa joined the police force in Camden, New Jersey, in 2003. In July 2008, he was transferred to a new Special Operations Unit created to target guns, drugs and violence in Camden's most crime ridden neighborhoods. Figueroa was assigned to the "fourth platoon" with his regular partner, Robert Bayard, as well as Sergeant Dan Morris, and officers Jason Stetser and Kevin Parry. On September 6, 2011, Figueroa and Bayard were charged in a six count superseding indictment with a series of civil rights violations. In addition to five substantive civil rights violations, they were charged with conspiring with Stetser, Parry, and Morris to deprive others of their civil rights. A three week jury trial began on November 15, 2011. Stetser, Parry, and Morris all testified at trial as cooperating witnesses with plea agreements. Other law enforcement officers and citizens who were victims of or witnesses to the activities alleged in the indictment also testified. Over the course of trial, the government

> presented evidence regarding twelve incidents in which Figueroa allegedly deprived individuals of their civil rights.
>
> [. . .]
>
> On December 9, 2011, the jury returned a guilty verdict against Figueroa on Count 1 of conspiracy to deprive others of civil rights and on Counts 2 and 3 of substantive civil rights violations relating to incidents occurring between September 14 and September 17, 2008. The jury acquitted Figueroa of the remaining counts and acquitted Bayard on all counts. Figueroa filed motions for a judgment of acquittal, or in the alternative, a new trial under Federal Rules of Criminal Procedure 29 and 33 on December 23, 2011. The District Court denied both motions. He was sentenced to ten years imprisonment on September 7, 2012.

*United States v. Figueroa*, 729 F.3d 267, 270–71 (3d Cir. 2013) (footnotes omitted).

The Third Circuit affirmed Petitioner's conviction and sentence on direct appeal. *See id.* On January 27, 2014, the United States Supreme Court denied Petitioner's request for a writ of certiorari. *See Figueroa v. United States*, 571 U.S. 1181 (2014).

On October 18, 2015, Petitioner filed a motion before this Court requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). His motion was predicated upon Amendment 782 to the United States Sentencing Guidelines ("Sentencing Guidelines"), which reduced the base offense level for most drug offenses. *See United States v. Culmer*, 767 F. App'x 368, 370 (3d Cir. 2019) (citing *Hughes v. United States*, ⸺ U.S. ⸺, 138 S.Ct. 1765, 1774 (2018)). Petitioner's request for a reduction of his sentence was granted on December 10, 2015. *See United States v. Figueroa*, No. 1:10-cr-00685, ECF No. 116 (D.N.J. 2015). Petitioner's sentence was reduced from 120 months imprisonment to 97 months imprisonment. *See id.*

On October 25, 2016, Petitioner filed the instant § 2255 motion, raising the following claims:

GROUND ONE: The trial court erred in admitting evidence of a powerfully inculpatory out of court statement of the co-defendant Bayard which was not subject to cross examination.

GROUND TWO: The court erred in excluding as cumulative the police report proffered by the defense while admitting numerous similar police reports offered by the prosecution.

GROUND THREE: The trial court erred in allowing prosecution fact witness to offer expert testimony on issues of constitutional law.

GROUND FOUR: The jury charge on the mental element of the civil rights offense did not adequately charge the specific intent required by the statute.

GROUND FIVE: The court below erred in applying the drug distribution sentencing guidelines to the civil rights violations in this case. Resulting in a sentence that was legally incorrect and substantially unreasonable.

GROUND SIX: This was included in the appeals filed previously and not sustained in those deliberations but which are resubmitted for consideration in light of the new circumstances and new application of court decisions with regard to the: [sic]

Newly amended 3B1.2 now states that a defendant who does not have a proprietary interest in the criminal activity and who is simply paid to perform certain tasks should be considered.

Appellee Figueroa was not a fiduciary in this case, and was simply an incidental party to the case. His role was so minimal so as to be inconsequential to the overall scheme.

GROUND SEVEN: Trial counsel for defendant Figueroa was ineffective in not raising all of the proper defenses in this case at trial. Further, the defense counsel failed to object to the introduction of spurious and what should have been inadmissible evidence against Figueroa. As a result, the Defendant/Appellee was denied proper representation in all of the pertinent matters and therefore denied full justice in the trial court.

(ECF No. 1.)

On January 20, 2017, Respondent submitted their Answer asserting that Petitioner's motion was not only time-barred, but that it was also without merit. (ECF No. 6.) Petitioner filed a reply shortly thereafter. (ECF No. 7.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a motion to vacate, set aside or correct a sentence of a person in federal custody entitles a prisoner to relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When considering a § 2255 motion, a district court " 'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.' " *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)). Additionally, a district court must hold an evidentiary hearing on the motion if " 'the files and records do not show conclusively that [the movant] was not entitled to relief.' " *Tolliver*, 800 F.3d at 141 (alteration in original) (quoting *Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001)).

## III. DISCUSSION

### A. Timeliness

The Government asserts that Petitioner's § 2255 motion should be dismissed as untimely because it was filed after the one-year statute of limitation period. Generally, under 28 U.S.C. § 2255, petitioners have one year to submit their § 2255 application. *See* 28 U.S.C. § 2255(f). This limitation period begins to run from the latest of the following:

(**1**) the date on which the judgment of conviction becomes final[1];

---

[1] A judgement of conviction becomes final either upon the date that the Supreme Court "affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari," or the date upon which "the defendant's time for filing a timely petition for certiorari

4

> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment of conviction became final on January 27, 2014, the date the Supreme Court denied his petition for certiorari. His statute of limitation period tolled one year later, in January 2015.[2] Yet, Petitioner did not file the instant § 2255 motion until October 25, 2016, more than two and a half years after the date his conviction became final. Accordingly, Petitioner's motion appears barred by the one-year statute of limitation.

---

review expires." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003).

[2] This Court's December 10, 2015 Order reducing Petitioner's sentence did not impact the time for his filing of a § 2255 motion. Under 18 U.S.C. § 3582(b), a judgment of conviction is considered a final judgment even if the sentence is later modified pursuant to the provisions of subsection (c) of § 3582. Therefore, although Petitioner's sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2), it did not affect the finality of his conviction. *See Tejeda v. United States*, No. 17-473, 2018 WL 783069, at *3 (D.N.J. Feb. 7, 2018) ("Courts have thus long held that § 3582(c)(2) reductions have no effect on the finality of a movant's sentence for the purposes of determining the timeliness of a § 2255 motion."); *see also United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001); *see also United States v. Sanders*, 247 F.3d 139, 142–43 (4th Cir. 2001).

5

Petitioner argues, however, that his motion is timely based upon recent decisions of "various courts" which allow for a reconsideration of his sentence.³ (ECF. No. 7 at 2.) Petitioner, seeming to rely on § 2255(f)(3), alleges that a new amendment to the Sentencing Guidelines passed in 2015 and recent case law holding that the amendment is retroactive, provides him with a new avenue relief that was not previously available. (*Id.*) Yet, Petitioner's argument, if true, only applies only to Ground Six of his § 2255 – his singular claim challenging his sentence. Grounds One through Five of Petitioner's § 2255 raise issues of trial court error that were previously denied by the Third Circuit upon direct review.⁴ *See Figueroa*, 729 F.3d at 270. And, Ground Seven of Petitioner's § 2255 raises an ineffective assistance of trial counsel claim, the underlying facts of which were known to Petitioner at the time his conviction became final. Thus, Petitioner has not

---

³ In extraordinary circumstances, the limitations period for the filing of a § 2255 motion may be equitably tolled. *See Ross v. Varano*, 712 F.3d 784, 798-99 (3d Cir. 2013). The Supreme Court has held that a petitioner seeking to establish equitable tolling must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id*. at 798 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, Petitioner did not advance this argument in reply to the Government's assertion that his motion was time barred and Petitioner has not alleged any facts which would indicate equitable tolling.

⁴ On direct appeal, Petitioner raised the following challenges to his conviction:

> (1) the District Court erred by admitting the out-of-court statement of co-defendant Robert Bayard, (2) the District Court erred by excluding, as cumulative, police reports that Figueroa offered into evidence, (3) the District Court erred by allowing improper expert opinion testimony from a prosecution fact witness on issues of constitutional law, and (4) the District Court erred by refusing to give the jury Figueroa's requested instruction concerning specific intent.

*Figueroa*, 729 F.3d at 270.

Petitioner also argued that his sentence was unlawful because "the District Court erred by applying the drug distribution sentencing guideline to Figueroa's civil rights violations" and because "his sentence was substantively unreasonable." *Id.*

demonstrated that any of his claims are not barred by the statute of limitations, except for Ground Six.

### B. Ground Six

In Petitioner's Ground Six, he argues that a change in the commentary to Section 3B1.2 of the Sentencing Guidelines, and Ninth Circuit case law making that change retroactive, has provided him with a ground for relief that was previously unavailable. (ECF No. 1 at 12; ECF No. 7 at 2.) Specifically, Petitioner appears to contend that he is entitled to relief under Amendment 794, which took effect November 1, 2015, and "modified the commentary to U.S.S.G. § 3B1.2, which provides guidance in determining whether a sentence reduction should apply based on the minor role of the defendant." *See United States v. Fausnaught*, No. 3:03-CR-32, 2018 WL 1917131, at *2 (M.D. Pa. Apr. 20, 2018); (ECF No. 1 at 12.) To support his argument that Amendment 794 has been made retroactive, Petitioner relies primarily upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). (ECF No. 1 at 9; ECF No. 7 at 2.) The Government maintains that Petitioner's claim is still time-barred, however, because Amendment 794 is not a newly recognized right that was made retroactive on collateral appeal, and to the extent Petitioner was seeking a sentence reduction, this claim is not properly raised on a § 2255 motion. (ECF No. 6 at 4.)

Generally, to receive a retroactive application of a Sentencing Guidelines change, a petitioner must bring a motion under 18 U.S.C. § 3582(c)(2). *See Fausnaught*, 2018 WL 1917131, at *3; *see also Dillion v. United States*, 560 U.S. 817, 824 (2010) ("Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission…' " (quoting 18 U.S.C. § 3582(c)(2))). The Third Circuit has not yet

ruled on "whether a district court may construe a § 2255 motion as one filed under § 3582(c)(2)." *Fausnaught*, 2018 WL 1917131, at *3 (quoting *Mendoza v. United States*, 2017 WL 1293575, at *4 (W.D. Pa. Apr. 6, 2017)). However, courts are instructed to construe a *pro se* petitioner's motion "with an eye toward their substance rather than their form." *United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (citing *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)); *see also United States v. Kuran*, Nos. 16–4575, 13–160, 2017 WL 914816, at *4 (E.D. Pa. Mar. 8, 2017) (stating that where a *pro se* petitioner's § 2255 motion also raises a claim regarding Amendment 794 to the Sentencing Guidelines, the court should liberally construe the filing and interpret the motion as one attempting to modify the petitioner's sentence). Accordingly, this Court will also consider Petitioner's claim to the extent that he would be able to raise it under § 3582.

Section 3582(c)(2) permits a sentence reduction for defendants who were imprisoned based upon a "sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). However, the amendment that reduces the guidelines range must be among those enumerated under U.S.S.G. § 1B1.10(d) as applying retroactively. *See United States v. Brown*, 694 F. App'x 62, 63 (3d Cir. 2017) (citing *United States v. Wise*, 515 F.3d 207, 221 & n.11 (3d Cir. 2008)). "Thus, if Petitioner's motion relies on an amendment that does not appear in § 1B1.10(d), he would not be eligible for a sentence reduction under § 3582(c)(2)." *Fausnaught*, 2018 WL 1917131, at *3. In the instant case, the amendment Petitioner refers to, Amendment 794, is not listed under § 1B1.10(d). *See generally* U.S.S.G. § 1B1.10(d). "Relief pursuant to Amendment 794 is not available to [Petitioner] as that amendment, which took effect after his sentencing, has not been made retroactive." *United States v. Spruill*, -- F. App'x --, 2019 WL 2184800, at *2 (3d Cir. May 21, 2019); *see also Brown*, 694 F. App'x at 63 ("Brown is not eligible

8

for a sentence reduction, as the Sentencing Commission has not listed Amendments 791, 792, or 794 is U.S.S.G. § 1B1.10(d) as amendments that apply retroactively."). Consequently, Petitioner is not entitled to relief pursuant to Amendment 794, which took effect three years after his sentencing, because the amendment has not been made retroactive. Although Petitioner alleges that the Ninth Circuit in *Quintero-Leyva* made the amendment retroactive, Ninth Circuit precedent is not binding on this Court. And, Third Circuit case law, which is binding on this Court, has expressly held that Amendment 794 is not retroactive. *See Spruill*, 2019 WL 2184800, at *2; *see also Brown*, 694 F. App'x at 63. Therefore, to the extent Petitioner could raise this sentencing claim in the instant motion, it is still without merit.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(2), an appeal from a final order in a § 2255 proceeding may not be taken to the court of appeals unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, this Court denies a certificate of appealability pursuant to 28 U.S.C. § 2255(c) because jurists of reason would not find it debatable that the denial of Petitioner's motion is correct.

## V.  CONCLUSION

For the reasons stated above, the Petitioner's habeas petition is **DENIED** and a certificate of appealability shall not issue.  An appropriate Order follows.


DATED: August 1, 2019                                          s/Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                               United States District Judge